[Civ. No. 511.   Second Appellate District.—May 19, 1909.]

GERTRUDE STULL, Appellant, v. CHARLES E. BENE-DICT et al., Defendants-Respondents; WM. CHAP-MAN, Intervener-Respondent.

FORECLOSURE OF MORTGAGE BY MOTHER OF MINOR DAUGHTER—SECURITY FOR LOAN OF MINOR'S MONEY—PLEDGE TO INTERVENER FOR PRIVATE DEBT—PROPER FINDINGS AND JUDGMENT.—In this action by a mother to foreclose a mortgage for $3,000, taken by her to secure a loan made by her of $2,400 of her minor daughter's money, as natural guardian without appointment as legal guardian, it appearing that the mother subsequently pledged the note for the daughter's money and the mortgage to secure a private loan to her of $1,500 by the intervener, the court properly found and adjudged that since the result of a prior suit by the intervener to foreclose the mortgage, in which his right was limited, the daughter had acquired both the note of $2,400 of her money and the $3,000 note

and mortgage to secure the same, and that she was entitled to foreclose the mortgage, and that the intervener was entitled to be paid the sum of $1,500, with interest, out of the proceeds of sale, and that the remainder of the proceeds should be paid to the daughter.

ID.—PERSONAL JUDGMENT AGAINST MOTHER FOR DEBT—PAYMENT AND PROCEEDS OF SALE.—The court did not err in rendering a personal judgment against the mother in favor of the intervener for the amount of her private debt, which would be extinguished by false payment of the amount thereof out of the proceeds of sale, there being no other deficiency judgment against her.

ID.—MOTHER NOT ENTITLED TO AN ACCOUNTING AGAINST DAUGHTER—GUARDIAN DE SON TORT—SPECIFIC EQUITABLE RELIEF.—The mother being a guardian *de son tort,* without any appointment as legal guardian, is not entitled to insist upon an accounting of the trust with her daughter, since the court properly rendered in favor of the daughter all of the specific equitable relief to which she was entitled in respect to the fund or property over which the mother assumed authority without the order of the court.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Gertrude Stull, Appellant, *in pro. per.*

No brief for Respondents.

The names of the following attorneys appear upon the transcript:

Tanner, Taft & Odell, for Appellant.

R. A. Odell, for Daughter, Respondent.

Charles Lantz, for Intervener, Respondent.

Earle & Creede, for S. S. Lawson, Respondent.

O. P. Widaman, for D. S. Van Vranken, Respondent.

J. L. Fleming, for Holway & Furrey, Respondents.

Charles E. Benedict, and Martha S. Benedict, Mortgagors, Respondents, *in pro. per.*

TAGGART, J.—Appeal from judgment foreclosing a mortgage. Plaintiff being the mother and natural guardian of the defendant Schiedt, now Tracey, a minor, without a general guardian, held the sum of $2,400 belonging to said minor, which she, plaintiff, loaned to the defendant Holway, taking his promissory note for that amount and an assignment of the mortgage foreclosed in this action, and the note secured thereby, for the sum of $3,000, as collateral. She thereupon hypothecated both the $3,000 note and mortgage given to secure it and the $2,400 note to the intervener Chapman to secure the payment of $1,500 which she borrowed from him through his agent Lantz on her own account, and made and delivered a written assignment of the mortgage to Chapman.

The interest on the $3,000 note being in default, Chapman brought an action in the superior court of Los Angeles county to foreclose the mortgage in accordance with the terms thereof. Plaintiff here (Gertrude Stull) intervened in that action and judgment was entered therein directing Chapman to deliver up and surrender to the said Gertrude Stull all the papers held by him as security for the payment of said $1,500 note upon payment or tender of payment to him of said sum of $1,500; the judgment expressly reciting that it was made without prejudice to the right of said Stull to bring another action to foreclose said mortgage.

Chapman appealed from that judgment to the supreme court and, the cause being transferred to this court for hearing and determination, the judgment was modified so that it was provided therein that if the intervener Stull should fail to pay to Chapman, within ten days after notice of entry of judgment, the said sum of $1,500, her complaint in intervention should be dismissed and plaintiff have leave to proceed with the action to foreclose the mortgage against the original parties. The judgment as so modified was affirmed. No notice of entry of judgment was ever given by Chapman, and the plaintiff Stull (intervener in the other action) brings this action to foreclose the mortgage, and Chapman intervenes.

The court in this action found that since the former action was tried the Holway note of $2,400 and the $3,000 note held as collateral security have been assigned to said defendant

Tracey, who is now the owner and holder thereof, and that she is entitled to foreclose the said mortgage, and that upon the sale of the mortgaged premises the intervener Chapman is entitled to receive the sum of $1,500, with interest thereon from the date of the judgment of this court on the former appeal, out of the proceeds of such sale, the residue thereof to be paid to the defendant Tracey.

The purpose of the appeal taken by the plaintiff *in propria persona,* as stated in the page and a half brief filed by her (which is the only brief filed in the case), is, that ''the judgment may be modified to follow plaintiff's complaint and for the usual findings in foreclosure cases.'' The points made are: ''First. Intervener had no further cause against plaintiff and appellant'' than the one on the $1,500 note. ''Second. The pleadings of defendant Tracey show her only right against plaintiff and appellant was one for accounting under a trust which in this action the court could not consider.''

The answer to the first point is that the judgment of intervener against the appellant is limited to the $1,500. To the second, that a guardian *de son tort* is not entitled as a matter of right to have an accounting if the interests of the beneficiary are, in the judgment of a court of equity, better subserved by specific relief in respect to the particular fund or property over which authority has been assumed by the person acting as the guardian without appointment by the court.

We find nothing in the record to warrant any modification of the judgment at the instance of plaintiff, the appellant. Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.